## Gelwicks Estate (No. 2)

*John A. Smarsh* and *A. J. White Hutton*, for petitioner.

*J. Stewart Glen* and *Edwin D. Strite*, for respondent.

WINGERD, P. J., March 3, 1954.—The proceedings which brought this matter to its present state are fully set forth in a prior opinion handed down by this court on August 6, 1953, Gelwicks Estate (No. 1), 1 D. & C. 2d 37, in which the court allowed petitioner to file an amended petition if he saw fit to do so.

An amended petition was filed in which it is alleged, among other things, that Anna K. B. Gelwicks died on September 4, 1952, a resident of Franklin County; that on September 2, 1950, decedent made a will whereby she revoked all prior wills, appointed petitioner, E. Ray Croft, executor, and gave to him her entire estate and that a copy of the will is attached to the petition, marked Exhibit 1, the original of this copy having been executed by decedent in the presence of two competent subscribing witnesses and your petitioner; that this will was placed by decedent in a lock box in the Farmers and Merchants Trust Company of Chambersburg, Pa., the two original keys delivered to your petitioner who has had exclusive possession of them to the present time; that on September 9, 1952, petitioner went to the Farmers and Merchants Trust Company in

Chambersburg and in the presence of the secretary and treasurer of that company opened the deposit box and found it empty; that the stocks and bonds and securities which had been deposited in such safe deposit box were found to be in the possession of the trust company, were produced by the secretary and treasurer, but no will was found; that your petitioner is informed and believes that, on or about April 12, 1951, the stocks, bonds, and securities were delivered to the trust company by T. Z. Minehart, an attorney of the Franklin County bar and Jennie B. Bailey, sister of decedent; that your petitioner is not informed how or by whom the deposit box was opened and that he verily believes that the will is now or was in the possession of the trust company, Minehart and Bailey; that on September 11, 1952, the alleged will of decedent, executed June 16, 1950, was presented for probate to the Register of Wills of Franklin County; that on September 16, 1952, petitioner filed a caveat against the probate of the will, with proper bond in the sum of $2,000, and prayed that the entire record be certified to the Orphans' Court of Franklin County; that petitioner filed with the Register of Wills a petition for citation to compel the production of the original of the will dated September 2, 1950; that citation was issued and answers were filed to the citation disclaiming any knowledge of the will of September 2, 1950; that the register of wills has not acted upon the probate of the alleged will of June 16, 1950, and has certified the entire record to the orphans' court; that the only persons in interest under the alleged will of June 16, 1950, are the John Shook Home for the Aged of Chambersburg, Franklin County, Pa., and Carl Salzman and Lizette Salzman, his wife, of Wilkinsburg, Pa.; that the sole party in interest under the alleged will of September 2, 1950, is petitioner and that under the intestate laws of the Commonwealth of

Pennsylvania the parties in interest are Sarah M. Croft and Jennie B. Bailey, sisters of decedent, both residing in Chambersburg, Franklin County. The petition prayed that a citation be issued upon the John Shook Home for the Aged, Carl Salzman and wife, and the two sisters of decedent to show cause why "the alleged will of said decedent as offered for probate before the Register of Wills of Franklin County, Pennsylvania and dated June 16, 1950, should not be declared null and void and revoked by the terms of the later will of said decedent dated September 2nd, 1950."

To this amended petition answers were filed by the John Shook Home for the Aged and Jennie B. Bailey denying many allegations of fact in the petition and alleging additional facts. To these answers petitioner filed a reply joining issue on the matters alleged in the answers.

As decided by this court the Pa. R. C. P. of Assumpsit apply generally in the orphans' court. Following this decision the John Shook Home for the Aged filed a motion for judgment on the pleadings but did not in the motion set forth the reasons in support thereof which although not directly required by Pa. R. C. P. 1034, which provides for said motion, should be set forth therein: Anderson Pennsylvania Civil Practice, vol 2, p. 543. The grounds of the motion as set forth in the brief are that the allegations in the petition in reference to the execution of the alleged will of September 2, 1950, are insufficient because the copy attached to the petition shows no signature of decedent nor any signature of witnesses although places therefor appear on its face in blank. We feel the allegations in the amended petition, in this respect, are sufficient to constitute an allegation that a will dated September 2, 1950, containing the subject matter of the alleged copy attached thereto, was executed by decedent ac-

cording to law in the presence of two subscribing witnesses. This is a sufficient allegation of the execution of the will.

The second reason in support of the motion for judgment on the pleadings is that there are no allegations which show that the alleged will of September 2, 1950, is in existence or capable of production, as a writing revoking the will of June 16, 1950. This characterization of the will is implicit in the prayer of the petition and is the basis of the argument of petitioner in support of such prayer as is fully demonstrated in this court's opinion hereinbefore referred to. However, the petition does aver that petitioner believes that the alleged will of September 2, 1950, is now or was in the possession of the trust company, Mr. Minehart and Mrs. Bailey, which seems to be an allegation sufficient to negative the impossibility of production of such alleged will as a writing revoking a former will.

The third reason is that petitioner has no interest because if he is successful in his contention there will be an intestacy and the whole estate will go under the Intestate Law to the two sisters of decedent. There is considerable force in this position and the court referred to it in its former opinion. However, under the allegations in the petition petitioner has such an indirect interest that we do not feel we can hold that he has no standing as such petitioner. If he succeeds in his present contention, which can only be accomplished by evidence of a particular character, he might well be in a position to probate the alleged will of September 2, 1950, and so become the sole beneficiary of decedent.

For the foregoing reasons, we feel that the motion for judgment on the pleadings must be refused. However, that conclusion is only reached because a motion for judgment on the pleadings under Pa. R. C. P. 1034

is analogous to a demurrer and is in effect a demurrer to the pleadings at large and therefore, "for the purpose of disposing of the motion, the court will accept as true the averments of fact of the adverse party, provided they are well-pleaded, material, and relevant": Anderson Pennsylvania Civil Practice, vol. 2, p. 545.

The court in reaching its decision has given full effect to all the averments of fact in the petition and the inferences of fact, favorable to petitioner, which might be drawn therefrom. The denials and averments in the answers filed remain in full force and effect and we are now confronted with material issues of fact raised in the petition and answers of which it is our duty to dispose. Accordingly we will set a day for a hearing before this court at which time all parties may present evidence in support of their respective contentions as set forth in the pleadings.

Now, March 3, 1954, motion for judgment on the pleadings is refused and the motion dismissed. The court will sit on March 24, 1954, at 9:30 a.m. in the courtroom of the Franklin County Court House at Chambersburg, Pa., at which time and place the parties may present evidence in support of their respective contentions as set forth in the pleadings.